

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-11-2007

# Baddredine v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5410

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Baddredine v. Atty Gen USA" (2007). *2007 Decisions.* Paper 966.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/966

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 05-5410 and 06-2921

———————

RIADH BADREDDINE,

Petitioner in No. 05-5410

v.

ATTORNEY GENERAL OF THE UNITED STATES;
BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES;
BUREAU OF IMMIGRATION & CUSTOMS ENFORCEMENT


RIADH BADREDDINE,

Petitioner in No. 06-2921

v.

ATTORNEY GENERAL OF THE USA

———————

On Petition for Review of Decisions
and Orders of the Board of Immigration Appeals
BIA No. A78-499-121
Immigration Judge: Hon. Charles M. Honeyman

———————

Submitted under Third Circuit LAR 34.1(a)
June 8, 2007

BEFORE: SMITH and GREENBERG, Circuit Judges, and

(Filed: June 11, 2007)

———————

OPINION OF THE COURT

———————

GREENBERG, Circuit Judge.

These matters come on before the court on consolidated petitions for review of decisions and orders of the Board of Immigration Appeals ("BIA") entered November 15, 2005, and May 4, 2006, brought by Riadh Badreddine, a Tunisian. The decision and order of May 4, 2006, denied a motion to reopen the decision and order of November 15, 2005, which had affirmed a decision and order of an immigration judge ("IJ") of August 20, 2004, denying Badreddine's request for a continuance of adjustment of status proceedings before him. The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3) and we have jurisdiction under 8 U.S.C. §§ 1252(a) and (b). See Khan v. Attorney General, 448 F.3d 226, 229 (3d Cir. 2006).

The background of these proceedings insofar as it involves a paper trail is quite complex, largely because Amber Leigh Smith, Badreddine's wife at least to the extent that she entered into a ceremonial marriage with him, has prosecuted parallel proceedings arising from the same circumstances involved in these proceedings. But, notwithstanding

———————

*Honorable Louis H. Pollak, Senior Judge of the United States District Court for the

Eastern District of Pennsylvania, sitting by designation.

the seeming complexity of this case, in reality the underlying circumstances triggering it are quite straight forward. After Badreddine lawfully entered the country as a seaman, he overstayed the period authorized for him to remain here and then married Amber Smith. Thereafter, she filed applications seeking a decision permitting him to stay in the country, and Badreddine himself on April 3, 2001, filed an application seeking an adjustment of his status by reason of his marriage. The actual dispute centers on the substantive issue of whether his marriage is bona fide.

The IJ on August 20, 2004, in the adjustment of status proceedings, though not addressing the bona fides of the marriage, pointed out that Badreddine did not have a current, approved visa and that his previous visa had been revoked. Moreover, the IJ indicated that there was no reasonable likelihood that Badreddine's visa application would be approved. Thus, he denied the application for a continuance and ordered Badreddine's removal to Tunisia. On appeal, in its November 15, 2005 decision and order, the BIA held that the IJ did not abuse his "discretion in denying [Badreddine's] motion to continue [the] proceedings as there was no relief available to [Badreddine] at the time, and any future approval of a visa petition was speculative at best."

Badreddine also filed a motion to remand with the BIA because he had an unapproved visa petition pending. The BIA denied that motion in its November 15, 2005 decision and order explaining:

3

The respondent also filed a motion to remand based upon a filed but not approved visa petition, citing to Matter of Velarde, 23 I&N Dec. 253 (BIA 2002). DHS has opposed, stating that the second visa petition filed on behalf of the respondent was revoked, and a third visa petition was denied. DHS further points out that the Board affirmed the revocation and denial of the visa petition, and affirmed the District Director's finding that the marriage was entered into for the purpose of evading the immigration laws. Pursuant to section 204(c) of the Immigration and Nationality Act, 8 U.S.C. § 1154(c), no petition may be approved if the respondent has been found to have entered into a sham marriage. As the visa petition is unlikely to be approved, and DHS has opposed the motion in any event, the motion is denied.

Badreddine filed a timely petition for review of the November 15, 2005 decision and order.

Subsequently, Badreddine filed a motion to reopen the November 15, 2005 decision and order. The BIA denied the motion on May 4, 2006, explaining as follows:

The respondent moves the Board pursuant to 8 C.F.R. § 1003.2 to reopen our decision dated November 15, 2005. The respondent seeks reopening to apply for adjustment of status under section 245 of the Immigration and Nationality Act. As an initial matter, we note that the respondent's March 8, 2006, motion to reopen is untimely, inasmuch as it was not filed within 90 day[s] of our November 15, 2005, final administrative order. See 8 C.F.R. § 1003.2(c). Furthermore, we find that the respondent has failed to establish that reopening is warranted pursuant to our sua sponte authority. See 8 C.F.R. § 1003.2(a). We find that the respondent's subsequent eligibility for discretionary relief does not establish exceptional circumstances. See Matter of J-J-, 21 I&N Dec. 976 (BIA 1997) (holding that the Board's power to reopen or reconsider cases sua sponte is limited to exceptional circumstances and is not meant to cure filing defects or circumvent the regulations, where enforcing them might result in hardship). Accordingly, the motion is denied.

Badreddine filed a timely petition for review of the May 4, 2006 decision and order. We have consolidated the petitions for review.

4

In reviewing the IJ's denial of the motion for a continuance and the BIA's decision and order affirming the denial we review the decision and order of the IJ to the extent that the BIA adopted the IJ's decision. Dia v. Ashcroft, 353 F.3d 228, 247 (3d Cir. 2003) (en banc). Of course, overall we are exercising abuse of discretion review. Khan, 448 F.3d at 233. In this regard we point out that Badreddine largely challenges the August 20, 2004 decision and order based on events which occurred before that day. Thus, he contends that the IJ erred in continuing an adjustment of status merits hearing at the government's request over his objection on January 29, 2004, when the government served a Notice of Intent to Revoke his visa. The IJ, however, was evenhanded as on July 15, 2004, over the government's objection, he again continued the matter but did so at Badreddine's request. Regardless, however, it is important to remember that we do not review these earlier continuances as they are not directly before us and are significant only insofar as they help put the proceedings that are before us in context.

What is first before us is the IJ's decision and order of August 20, 2004. At that time, the matter long had been pending and there seemed to be little likelihood that Badreddine would obtain visa relief. Thus, he simply was not lawfully in the country and, on the basis of his status, he should have been removed. Plainly, we cannot say that the IJ abused his discretion when he refused to grant a continuance as we can see no reason to believe that Badreddine could obtain visa relief. In the circumstances, we cannot disturb the November 15, 2005 decision and order which affirmed the August 20, 2004 decision

5

and order.

Badreddine's petition for review of the May 4, 2006 decision and order plainly is without merit. As the BIA pointed out, he filed the motion to reopen the November 15, 2005 decision and order on March 8, 2006. Consequently, it was untimely as he filed it more than 90 days after November 15, 2005. See 8 C.F.R. § 1003.2(c). While it is true that the BIA sua sponte could have reopened the November 15, 2005 decision and order, see 8 C.F.R. § 1003.2(a), it decided not to do so as it held that Badreddine did not establish exceptional circumstances to support such action. Our jurisdiction does not extend to a review of that decision. See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003). Finally we reject Badreddine's reliance on the Administrative Procedure Act, on which basis he attempts to inflate his claims to constitutional status, as it is not applicable in these proceedings. See Cisternas-Estay v. INS, 531 F.2d 155, 158-59 (3d Cir. 1976); see also Kowalczyk v. INS, 245 F.3d 1143, 1150 n.5 (10th Cir. 2001).

The petitions for review of the decisions and orders of the BIA entered November 15, 2005, and May 4, 2006, will be denied.